IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LACYNTHIA WILLIAMS, )
)
    Plaintiff, )
)
v. ) CASE NO. 3:16cv644-SRW
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
    Defendant. )

# **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Lacynthia Williams commenced this action on August 8, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for a period of supplemental security income ("SSI"). *See* Doc. 1; Doc. 10 at 1. In her SSI application, plaintiff alleged disability as of June 1, 2011, but she did not specify the reason for her alleged disability. *See* R. 22, 145. On October 15, 2015, Administrative Law Judge Charles A. Thigpen ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's application.[2] *See* R. 11-23. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1-6.

---

[1] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[2] Attorney Brian Carmichael, Esq., appeared with the plaintiff at the hearing before the ALJ, and he is plaintiff's counsel of record before this court. R.22; Doc. 10.

1

In the instant appeal, the plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 10 at 11. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 13; Doc. 14. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

In addition, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 10 at 11. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *See id*. These motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not

In the instant appeal, the plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 10 at 11. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 13; Doc. 14. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

In addition, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 10 at 11. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *See id*. These motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not

decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The ALJ first found that the plaintiff has not engaged in substantial gainful work since April 8, 2014 – the SSI application date. R. 24. At step two, the ALJ concluded that the plaintiff suffers from the severe impairments of major depressive disorder, anxiety, and

4

gastroesophageal reflux disease ("GERD"). *See* R. 24. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. *See* R. at 24-26. The ALJ stated that he considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See* R. 24-38.

> The ALJ made the following RFC determination:
>
> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) but with the following nonexertional limitations: The claimant can occasionally interact with coworkers, customers and members of the general public, but this should be casual, non-confrontational and infrequent. The claimant would benefit from a flexible schedule and would function best with her own work area apart from others. Workplace changes should be infrequent and gradually introduced. The claimant can use judgment in simple one-two step work-related decisions and can understand, remember and carry out simple one-two step instructions. The claimant cannot use judgment in detailed or complex work-related decisions or understand, remember or carry out detailed or complex instructions. The claimant could tolerate ordinary work pressures but should avoid excessive workloads, quick decision making, rapid changes and multiple demands. The claimant would benefit from regular rest breaks. The claimant would need help with long term planning and goal setting, but not short term planning and goal setting. The claimant must frequently be reminded of tasks. The claimant will likely miss one to two days per month due to psychological problems.

R. at 26. At step four, based, in part, on the testimony of a vocational expert ("VE"), the ALJ found that the plaintiff can perform her past relevant work as a pizza maker, kitchen helper, and towel folder. *See* R. at 38. Specifically, the ALJ held that,

> In comparing the claimant's [RFC] with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed. The [VE] present at the hearing testified at the hearing that the claimant could perform her relevant work activity considering the [RFC.]

5

*Id.* The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … since April 8, 2014, the date the application was filed." *Id*.

The plaintiff raises two arguments in support of this appeal: (1) the ALJ erred by improperly rejecting the plaintiff's subjective testimony about the effect and severity of her symptoms; and (2) the ALJ did not "properly evaluate the medical opinion expressed by" the state agency, one-time psychological examiner, Dr. Sharon Diane Waltz, Psy.D.[3] Doc. 10 at 3. The Commissioner maintains that the ALJ applied proper legal principles and his decision is based on substantial evidence. *See* Doc. 11. The court agrees with the Commissioner.

## I. The ALJ properly applied the pain standard.

To demonstrate that pain or symptoms of an underlying medical condition render her disabled, a plaintiff must satisfy what has come to be known as the "pain standard." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011); *see also Vonboeckman v. Colvin*, 2014 WL 6239598, at *5 (N.D. Ala. Nov. 13, 2014); Social Security Regulation 96-7p (SSR 96-7p), 1996 WL 374186 (July 2, 1996). Under that standard, the plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.

---

[3] *See* R. 559-64.

6

1986)); *see also Holt*, 921 F.2d at 1223. If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ identified and properly applied these legal principles. *See, e.g.*, R. 27 (setting out the pain standard). He partially credited plaintiff's subjective testimony and complaints in formulating the RFC assessment. R. 27-29. However, the ALJ concluded that, "while plaintiff's medically determinable impairments could reasonably be expected to produce the alleged pain symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible." R. 29. The ALJ articulated several reasons for discrediting plaintiff's subjective complaints. R. 29-38. *See also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)).

The ALJ found that plaintiff's complaints and testimony about her symptoms and their limiting effects was not supported by the medical evidence of record, and conflicted with plaintiff's testimony and other record evidence about her daily activities. *See* R. 27-38. As it must, the court has carefully scrutinized the record, and it concludes that the ALJ's credibility determination is based on substantial evidence that is cited and discussed in the ALJ's written decision. *See* R. 27-38, 48-69, 145-50, 182-97, 207-10, 243-815. While the plaintiff disagrees with the ALJ's factual findings as to her subjective complaints, this court

cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. *See Dyer*, 395 F.3d at 1210.

## II. The ALJ properly evaluated the medical opinions of consultative examiner, Dr. Waltz, Psy.D.

Upon referral by the Alabama Disability Determination Service, the plaintiff underwent a "mental examination" by Dr. Sharon Waltz on June 26, 2014. R. 561-64. *See also* Doc. 10 at 8. An ALJ is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The ALJ summarized Dr. Waltz's observations and findings, and remarked that, "while Dr. Waltz's opinion is afforded some weight, it is not given great weight." R. 34-35. The plaintiff concedes that the ALJ stated the weight he assigned to Dr. Waltz's opinion with particularity; however, the plaintiff argues that the ALJ did not state adequate reasons. Doc. 10 at 9. The court cannot agree.

The ALJ accurately reports that Dr. Waltz found that the plaintiff had "moderate to severe mental impairment" and that she was "moderately to severely impaired" in the areas of "ability to understand, carry out and to remember instructions and to respond appropriately to supervision, co-workers and work pressures in a work setting." R. 34-35 (citing and quoting R. 561-63). The ALJ also explained that, "though Dr. Waltz assessed the claimant with schizoaffective disorder and probable borderline intellectual functioning, she was unaware that the claimant had achieved a GED. Moreover, the claimant's protracted mental health provider did not denote a schizoaffective diagnosis under her

8

care." R. 35. The ALJ contrasted Dr. Waltz's findings of moderate to severe impairment with her finding of a "Global Assessing of Functioning (GAF) score of 60 … [which] suggests moderate symptoms or moderate difficulty in social, occupational, or school functioning," and Dr. Waltz's findings that the plaintiff "has no known restrictions of activities" and that she has the "ability to understand, to carry out and to remember instructions and to respond appropriately to supervision, co-workers and work pressures in a work setting, despite her impairments[.]" R. 34-35; 563. These stated reasons and their basis in the record are sufficient to satisfy the ALJ's burden under *Sharfarz*, *supra*, to explain his assignment of some, but not great weight to Dr. Waltz's assessment and opinion evidence.

The foregoing reasons are also sufficient for the court to reject the plaintiff's claim that the ALJ "arbitrarily" picked and chose from the record based on the ALJ's "statement that Dr. Waltz's 'belief was that the claimant was not disabled and could engage in sustained work activity.'" Doc. 10 at 10 (quoting R. 35 and *Ellington v. Astrue*, 2008 WL 1805435, at *9 (M.D. Ala. Apr. 18, 2008)). The plaintiff is correct that Dr. Waltz did not expressly find that the plaintiff is "not disabled" or that plaintiff "could engage in sustained work activity." R. 561-63. However, the ALJ was paraphrasing Dr. Waltz's findings, not purporting to quote from her assessment. The Commissioner persuasively argues that the ALJ's reasons for assigning Dr. Waltz's opinions "some, but not great weight" also could reasonably lead the ALJ to determine that Dr. Waltz did not consider the plaintiff to be disabled and concluded that the plaintiff is able to work. R. 34-35, 563. Thus, the plaintiff's argument that reversal or remand is merited because of the ALJ's findings as to Dr. Waltz's

opinions on these two points is unavailing. The ALJ applied correct legal principles to his assessment of Dr. Waltz's opinions.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be **AFFIRMED** by a separate judgment.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED**. *See* Doc. 10.

Done, on this the 30th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge